**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

HEATHER LEANN HOWELL,

Defendant.

CR 26-45-BLG-WWM-3

ORDER ADOPTING FINDINGS AND RECOMMENDATION AND SETTING SENTENCING HEARING

Defendant Howell entered a plea of guilty in open court before United States Magistrate Judge Timothy J. Cavan on September 4, 2026. Judge Cavan entered findings and a recommendation in this matter on September 4, 2026. Neither party objected and, therefore, they are not entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

This Court reviews the findings and recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Cavan recommended that this Court accept Defendant Howell's guilty plea after Defendant appeared before him pursuant to Federal Rule of Criminal

Procedure 11 and entered her plea of guilty to the crime of attempted possession with intent to distribute a fentanyl analogue, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2, as set forth in Count 2 of the Indictment filed against her.

The Court finds no clear error in Judge Cavan's findings and recommendation (Doc. 89). Accordingly:

**IT IS HEREBY ORDERED** that Judge Cavan's findings and recommendation are adopted in full.

Therefore, **IT IS HEREBY ORDERED** that Defendant Howell's motion to change plea (Doc. 82) is granted. Defendant Howell is adjudged guilty as to Count 2 of the Indictment.

**IT IS FURTHER ORDERED** that:

1. Sentencing is set for Friday, January 29, 2027, at 8:30 a.m. in the James F. Battin Courthouse in Billings.

2. The United States Probation Office shall conduct a presentence investigation and prepare a presentence report. Fed. R. Crim. P. 32(c), (d); 18 U.S.C. § 3552(a).

3. Following completion of the presentence report, the probation officer shall disclose the report (excepting any recommendations of the probation officer)

to the Defendant, counsel for the Defendant, and counsel for the government on or before December 10, 2026. The probation officer shall not disclose any recommendation made or to be made to the Court.

4. In accordance with USSG § 6A1.2, after receipt of the presentence report and no later than December 24, 2026, counsel for each party shall present to the probation officer, in writing, any objections to be relied upon at sentencing and, if there is a dispute over any material in the presentence report, counsel shall meet with the probation officer and attempt to resolve disputes informally by diligent good faith effort. Any requests for extensions of time to present objections to the probation officer must be granted by the Court. Extensions will not be granted absent compelling reasons.

5. The Defendant shall present the probation officer with a written letter of acceptance of responsibility, if any, no later than December 24, 2026. Late acceptance letters will not be considered without leave of Court. *But see* Fed. R. Crim. P. 32(i)(4)(A)(ii) (recognizing that the Defendant has the right to address the Court orally at sentencing).

6. The presentence report, in final form, shall be delivered to the Court and the parties no later than January 7, 2027.

7. No later than January 11, 2027, a party may file a sentencing memorandum to aid the Court.

8. If objections are made to the draft presentence report by one or both parties that are not resolved, the objections and relevant facts and law pertaining to them shall be addressed in a sentencing memorandum. The Court will resolve disputes in accordance with U.S.S.G. § 6A1.3 at the sentencing hearing.

9. If either party intends to have witnesses testify at sentencing, the party must notify the Court and the opposing party, by filing a separate notification document, no later than January 22, 2027, of the identity of the witness as well as the scope, purpose, and anticipated duration of the intended testimony. The requirement that the opposing party be notified of any intended testimony applies regardless of the language of Rule 17(b) contemplating *ex parte* application for witness subpoenas.

10. If the Defendant wishes to file letters of support, they shall be filed on or before January 22, 2027.

11. Any responses to sentencing memoranda shall be filed on or before January 26, 2027.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 21st day of September, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE